UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HENRY N. HARPER,**

    **Plaintiff,**

    v.

**TUSCARAWAS COUNTY JOB &**
**FAMILY SERVICES,** *et al.,*

    **Defendants.**

    Civil Action 2:13-cv-1100
    **Judge George C. Smith**
    **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Plaintiff, Henry N. Harper, a state inmate who is proceeding without the assistance of counsel, brings this action against Tuscarawas County Job & Family Services; David W. Haverfield, an attorney for Tuscarawas County Job & Family Services; and Jamie Grunder, a social worker for Tuscarawas County.  Plaintiff alleges that Defendant Grunder committed perjury and that Defendant Haverfield attempted to cover up this perjury.  It appears that Plaintiff is further alleging that the purported actions of these Defendants violated his due process rights.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to

state a claim on which relief may be granted.

**I.**

According to Plaintiff's Complaint, on August 18, 2012, Defendant Grunder instructed the police to remove Plaintiff's minor children from their mother, Tina Harper, and to place them with the minor's brother, Jacob Harper. On August 21, 2012, Defendant Grunder filed complaint in the Court of Common Pleas Juvenile Court Division for Tuscarawas County, Ohio, seeking temporary custody of Plaintiff's minor children. In this state-court complaint, Defendant Grunder alleged "upon information and belief" that Plaintiff's children "are ABUSED, NEGLECTED and/or DEPENDENT as defined in [Ohio Revised Code] Section 2151.03, 2151.031 and 2151.04." (State-Court Compl. 1, ECF No. 1-1.) Defendant Grunder also alleged that on August 19, 2012, Ms. Harper became intoxicated and locked her minor children outside of her home in the middle of the night. (*Id*.) She further alleged that Ms. Harper had been charged with child endangering. (*Id*.) The state-court complaint also contained allegations of a "significant history of involvement with these children in Guernsey County involving numerous complaints to children services and involvement with that entity." (*Id*. at 2.) Noting that Plaintiff was currently incarcerated and would not be released until the children had reached the age of majority, Defendant Grunder sought temporary or permanent custody and that Plaintiff and Ms. Harper be either temporarily or permanently divested of their parental rights. (*Id*.) Defendant Haverfield notarized Defendant Grunder's state-court complaint. In a September 19, 2012 hearing, Defendant Grunder asked the state court to dismiss the abuse count and strike the paragraph concerning the August 19, 2012 incident from the state-court complaint.

In the instant action, Plaintiff asserts that Defendant Grunder committed perjury when she alleged in the state-court complaint that Ms. Harper had been charged with child

endangering.  According to Plaintiff, Ms. Harper has never been arrested for child endangering or for alcohol-related problems.  Plaintiff maintains that Defendant Haverfield "is trying to cover [up] the perjury by asking the [state court] to dismiss the abuse count and strike the entirety of paragraph one" of the state-court complaint.  He alleges that the filing of the state-court complaint containing perjury violated his due process rights.  Plaintiff seeks damages in the amount of $2 million.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

---

[1] Formerly 28 U.S.C. § 1915(d).

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL

1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The Undersigned concludes that Plaintiff has failed to state a plausible federal claim. As best the Court can discern, Plaintiff seeks to bring a federal due process claim and federal perjury claims. The Undersigned recommends dismissal of the due process claim because beyond declaring that his due process rights were violated, Plaintiff offers no factual support. *See Cook v. Cleveland State Univ.,* 13. F. App'x 320, 322 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175–76 (6th Cir. 1996) (affirming trial court's dismissal of the plaintiff's substantive and procedural due process claims because they were "conclusory and unsupported by any facts or evidence").

The Undersigned likewise recommends dismissal of Plaintiff's civil perjury claims because there is no cognizable civil cause of action for perjury. *See Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 118 n.5 (6th Cir. 2003) (noting that 18 U.S.C. § 1621, the federal criminal perjury statute, "is inapposite" to a civil action); *Brown v. J.P. Morgan Chase Bank*, No. 12-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (concluding that "18 U.S.C. § 1621 does not confer jurisdiction on this Court"); *Young v. City of Columbus*, No. 2:04-cv-673, 2007 WL 107777, at *9 (S.D. Ohio Jan. 9, 2007) (noting that perjury is a criminal offense and that the plaintiff could not bring a civil claim for perjury because Ohio law does not recognize a civil cause of action for perjury).

### IV.

5

In sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date:  January 6, 2014 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge